UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOSAM KADDOURA, | No. 2:12-cv-2114 DAD PS |
| Plaintiff, | |
| v. | ORDER |
| MALCOLM DOUGHERTY, Director of California Department of Transportation, | |
| Defendant. | |

Plaintiff, Hosam Kaddoura, proceeding pro se, commenced this action on August 14, 2012, by filing a complaint and paying the required filing fee.  The parties have consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c)(1).  (Dkt. No. 16.)

This matter came before the court on September 5, 2014, for a Mid-Litigation Status Conference.  Attorney Navtej Bassi appeared on behalf of the defendant.  Despite being served at his address of record with notice of the order setting the Mid-Litigation Status Conference plaintiff did not file a timely statement nor did he appear at the September 5, 2014 hearing.

/////

/////

/////

/////

1

1   In this regard, plaintiff was ordered by the court to file a timely statement addressing the status of
2   this litigation and to appear at the Mid-Litigation Status Conference and he failed to do so.[1]  (Dkt.
3   No. 29.)  Accordingly, on September 5, 2014, the undersigned issued an order to show cause in
4   writing within fourteen days as to why this action should not be dismissed for lack of prosecution.
5   (Dkt. No. 33.)  Plaintiff was cautioned that failure to file a written response to that order would
6   result in the undersigned recommending that this matter be dismissed.  (Id.)  Nonetheless, the
7   time for plaintiff to respond has expired and plaintiff has not responded to the court's order in any
8   way.

## ANALYSIS

10  The factors to be weighed in determining whether to dismiss a case for lack of prosecution
11  are as follows:  (1) the public interest in expeditious resolution of litigation; (2) the court's need
12  to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring
13  disposition on the merits; and (5) the availability of less drastic sanctions.  Hernandez v. City of
14  El Monte, 138 F.3d 393, 398 (9th Cir. 1998); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.
15  1992); Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).  Dismissal is a harsh penalty that
16  should be imposed only in extreme circumstances.  Hernandez, 138 F.3d at 398; Ferdik, 963 F.2d
17  at 1260.

18  Failure of a party to comply with the any order of the court "may be grounds for
19  imposition by the Court of any and all sanctions authorized by statute or Rule or within the
20  inherent power of the Court."  Local Rule 110.  Any individual representing himself or herself
21  without an attorney is nonetheless bound by the Federal Rules of Civil Procedure, the Local
22  Rules, and all applicable law.  Local Rule 183(a).  A party's failure to comply with applicable

---

[1] This is not the first time plaintiff has failed to comply with an order of this court, and evidenced a lack of interest in prosecuting this action, by failing to file a timely status report and by failing to appear at a hearing.  In this regard, plaintiff failed to appear at a November 30, 2012 Status Conference, (Dkt. No. 18), failed to file a Pretrial Statement prior to a Final Pretrial Conference, (Dkt. No. 25), and then appeared at the Final Pretrial Conference asking that discovery be reopened because he had failed to conduct any discovery in this case.  (Dkt. No. 28.)  At the Mid-Litigation Status Conference held on September 5, 2014, at which plaintiff failed to appear, counsel for defendant expressed the belief that plaintiff had apparently moved away from the area and appeared to have abandoned the prosecution of this action.

rules and law may be grounds for dismissal or any other sanction appropriate under the Local Rules.  Id.

Here, plaintiff has failed to file a timely status report and failed to appear at the Mid-Litigation Status Conference, in violation of an order of this court.  Moreover, the court issued an order to show cause that provided plaintiff with yet another opportunity to show good cause for his failure to appear at the Mid-Litigation Status Conference but plaintiff failed to respond to that order in any way.  The order to show cause specifically warned plaintiff that the failure to file a written response to that order would result in a recommendation that this matter be dismissed.

Plaintiff's lack of prosecution of this case renders the imposition of monetary sanctions futile.  Moreover, the public interest in expeditious resolution of litigation, the court's need to manage its docket, and the risk of prejudice to the defendant all support the imposition of the sanction of dismissal.  Only the public policy favoring disposition on the merits counsels against dismissal.  However, plaintiff's failure to prosecute the action in any way makes disposition on the merits an impossibility.  The court will therefore order that this action be dismissed due to plaintiff's failure to prosecute as well as his failure to comply with the court's orders.  See FED. R. CIV. P. 41(b).

Accordingly, IT IS HEREBY ORDERED that plaintiff's August 14, 2012 complaint (Dkt. No. 1) be dismissed without prejudice and that this action be closed.

Dated:  October 1, 2014

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.consent\kaddoura2114.dlop.ord.docx